**ROYAL PACKING CO. v. RECONSTRUCTION FINANCE CORPORATION.**

**No. 461.**

United States Emergency Court of Appeals.

Heard at St. Louis June 7, 1948.

Decided Sept. 14, 1948.

Rehearing Denied Oct. 14, 1948.

Lloyd E. Boas of St. Louis, Mo., for complainant.

Jack W. Loeb, Atty., Reconstruction Finance Corporation, of Washington, D. C. (Joseph M. Friedman, Sp. Asst. to Atty. Gen., and Samuel K. Abrams and George Arthur Fruit, Attys., Department of Justice, and John C. Erickson, Counsel for Reconstruction Finance Corporation, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

LINDLEY, Judge.

Complainant, a slaughterer of livestock and wholesale dealer in meat products, was entitled to and did receive the subsidies provided for by Regulation 3 of Defense Supplies Corporation 8 F.R. 10826. During the period of January 1 to July 31, 1944, on certain meat sold and delivered, it added to the maximum price established by MPR 169, a charge of 25 cents per hundredweight, covering cost of tranportation of the meat sold from the slaughtering point to a railroad loading point some five miles distant. When the propriety of this charge was questioned, complainant replied that it relied upon written instructions approving the charge by the State Attorney for O.P. A. Notwithstanding this, the Price Administrator instituted suit in the District Court alleging over-charges in the sum of the total of the transportation charges collected. The court found that complainant had been guilty of no wilful violation; that it had acted in good faith, after diligent and positive effort to comply with the regulation, and declined to enter judgment against complainant, except as to $185.37, a purely inadvertent over-charge.

On appeal, the Circuit Court of Appeals reversed the trial court as to the denial of the claim for single damages, arising out of the transportation charges, but sustained all findings of fact of the District Court. Porter v. Royal Packing Company, 8 Cir., 157 F.2d 524. Following denial of certiorari, pursuant to mandate, judgment was entered in the District Court against complainant for $6928.18, the exact amount of the total of the transportation charges. This judgment was promptly satisfied in full.

Respondent, learning of these proceedings, withheld $6928.18 from complainant's subsidies. Complainant protested and, upon denial of the protest, filed this complaint.

We are confronted by no controversy as to the facts. Respondent admits that the violation was not wilful, saying that "the record is clear that complainant did all it

could to comply with the applicable price regulation." In view of this situation, complainant asserts that respondent was entirely without authority to withold the subsidies while respondent insists that the pertinent acts of Congress have endowed it with inherent power to withold subsidies whether wilful or innocent. In Earl C. Gibbs, Inc. v. Reconstruction Finance Corp., 1948, 169 F.2d 654, all contentions which respondent presents were fully considered and, for the reasons set forth in our opinion in that case, decided adversely to the respondent. It would serve no good purpose to reiterate what we there said. Upon the authority of that decision, this case must be decided in complainant's favor.

▇▇▇ We recognize, as pointed out in the Gibbs' opinion, that Amendment No. 3 issued April 24, 1945, effective May 5, 1945 (10 F.R. 8073), Section 7003.10(a) gives to the Defense Supplies Corporation authority to deny a claim for subsidy when the Price Administrator certifies that the applicant has been determined in a civil proceeding to have violated a subsidy provision of any order or regulation of the Office of Price Administration applicable to the purchase or sale of livestock. Furthermore, we agree with respondent that determination of violation by a Court of Appeals and direction by that court to the District Court to find such violation and to enter judgment accordingly, followed by judgment in the trial court, is within this amended regulation. The argument of the respondent, however, is not that its action was justified by the language of the amendment, but rather by its inherent power as reflected by pertinent statutes. Thus, in its brief, respondent said: "* * * It is upon the basis of the fundamental compensatory nature of the subsidy payments, and not upon any other grounds, that the deductions were made by Respondent in this case. Complainant's brief ably demonstrates that the deduction in this case could not have been based upon a determination of wilful violation or upon a determination of violation in a civil proceeding, pursuant to section 7(b) (2) of Directive No. 41, and further demonstrates that if such deduction had been based upon either of such grounds it would, on the facts in this case, have been improper. Respondent agrees, and has never contended otherwise, that upon the facts in this case an invalidation of or deduction from claims on either of such bases would have been improper. * * *" The violation with which we are concerned here occurred many months prior to the promulgation of Amendment No. 3. The language of the amendment, which appears in a footnote to the Gibbs' opinion, contains no provision, express or implied, that the amendment was to be retroactive. In the absence of any evidence that it was intended to be retroactive and disregarding any question arising as to its validity if it had been made retroactive, we content ourselves with holding that the amendment is not retroactive in effect and is, therefore, inapplicable to the present controversy.

Judgment will enter setting aside the order of the R.F.C. of December 1, 1945, denying complainant's protest and remanding the cause to respondent for further proceedings not inconsistent with this opinion and that in the cause referred to.